SCHOTT, Judge.
Carmen Kennair instituted this suit against the City of New Orleans and the Sewerage and Water Board of New Orleans (S & WB) for damages she sustained when she stepped into an uncovered drainage manhole on the night of September 5, 1980. At the time of the accident she was engaged in her duties as a member of the New Orleans Police Department. In due course Kennair settled her case, but the City intervened against S & WB to recover compensation benefits it had paid to Ken-nair. The case was tried on the issue of S & WB’s responsibility for the manhole, and the result was the dismissal of the City’s case. It has appealed claiming the trial court erred in failing to find that the accident occurred on a dedicated street so as to make S & WB liable.
The manhole was located in an area within a subdivision whose plan, drawn in 1955, showed the place of the accident to be on Warfield Street between Reynes and Ray Streets. The manhole was placed there by the City in 1962 in connection with drainage lines it installed. However, this part of Warfield Street was never paved, surfaced or used as a street and, at the time of the accident, resembled an open field or lot between a public school on one side and a house trailer sales facility on the other.
The parties seem to agree on the basic legal principles controlling the case. S & WB has authority over all drains and connections made to drains by the City or by private persons. LSA-R.S. 33:4081; and the public drainage system of the City is controlled, maintained, and operated by S & WB. R.S. 33:4071; Jones v. Sewerage & Water Bd. of New Orleans, 430 So.2d 1063 (La.App. 4th Cir.1983), writs denied, 438 So.2d 573, 574. Thus, when a private individual installs drainage facilities on his property the installation must conform to S & WB requirements, but the individual continues to be responsible for the control and maintenance of the facilities on his property. On the other hand, the drainage lines under city streets with attendant cleanouts *1190 and manholes are part of the public drainage system and are the responsibility of S & WB. Witnesses for both parties in this case testified that replacement of manhole covers on city streets is routinely handled by S & WB. The factual issue in this case was whether the manhole in question was located on private property or on a street, as the City attempted to prove but failed in the judgment of the trial court, who gave the following succinct reasons for judgment:
“Carmen Kennair, a New Orleans Policewoman was injured when she fell in an open manhole while chasing a suspect at night.
The area is unimproved and had heavy grass, with trash and debris, throughout the area.
The City of New Orleans, the compensation payor, has sued the Sewerage & Water Board to recover the compensation past and future, plus medical expenses.
For the City to recover, they must prove an obligation on the Sewerage & Water Board, and negligence.
To establish the obligation, the City must show a dedication of the ‘street’ and an acceptance of the responsibility for maintenance.
The Court finds that the City has failed to carry this burden.”
The record supports this conclusion. The City produced no document or witness to show that this part of Warfield Street was ever formally dedicated as a street. On the contrary, S & WB produced Mr. Alvin Hughes, an attorney and expert on real estate titles, who expressed the opinion, based on his research of the title, that it remained in the individuals who planned the subdivision and it was never conveyed to the city by sale, act of dedication, or otherwise.
The City maintains that the property was informally dedicated based upon the previous owner’s intention to dedicate coupled with the City’s implied acceptance. In support of its position the City refers us to City of Baton Rouge v. State National Life Ins. Co., 271 So.2d 571 (La.App. 1st Cir.1972), writs refused, 274 So.2d 709; and Eshleman v. Duracher, 325 So.2d 688 (La. App. 1st Cir.1976). In both cases the court recognized the efficacy of a “common law dedication” of a street composed of a definite intent to dedicate by the landowner and an acceptance by the public; and observed that “mere use by the public for the purpose intended by the dedicator can constitute sufficient acceptance.”
In order to prove intention to dedicate, the City produced an affidavit by the former owner which was objected to by S & WB on the grounds of hearsay. This objection was valid, and the affidavit was inadmissible. Our discussion could end here because without the affidavit there was no proof of the landowner’s intent. However, even assuming such proof for the sake of discussion, the record does not support the City’s position. In the City of Baton Rouge case the court was dealing with a street being used by the public, and in the Eshleman case the key issue was •whether the public used the disputed property as a street. In the instant case there is no evidence that this area was ever used by anyone as a street or was thought by anyone to be a street. The facts presented by the City do not support the concept of dedication, formally or informally.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.